UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MITCHELL BARNEY,                          :    CASE NO. 1:19 CV 2059
                                          :
    Plaintiff,                           :
                                          :
vs.                                       :    OPINION & ORDER
                                          :
HSBC MORTGAGE                             :
SERVICES, INC, *et al.*,                  :
                                          :
    Defendants.                           :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* plaintiff Mitchell Barney filed a "Complaint for Money, Damages, Declaratory, Injunctive, and Other Relief" ("Complaint") against multiple defendants in connection with a mortgage foreclosure in the Cuyahoga County Court of Common Pleas, *HSBC Mortgage Services, Inc. v. Mitchell Barney, et al.*, Case No. CV-15-841594 (Cuy. Cty. Ct. of Comm. Pleas). (Doc. No. 1). The Cuyahoga Court of Common Pleas docket shows that a judgment of foreclosure was entered against the plaintiff in connection with property located at 2485 Newbury Drive, Cleveland Heights, Ohio, and that the property was subsequently sold at sheriff's sale.

In his Complaint, the plaintiff challenges the propriety of the state foreclosure, contending his mortgage loan was invalidly and fraudulently assigned and transferred. Asserting a host of claims under various state and federal laws (including under the Fair Debt Collection Practices Act, the Ohio Consumer Sales Practices Act, the Real Estate Settlement Procedures Act, the Ohio Corrupt Practices Act, and the federal Racketeer Influenced Corrupt Organizations Act), he seeks damages, an order vacating the state court's foreclosure judgment, rescission of the sheriff's sale, and injunctive relief to stop and enjoin the defendants from entering the property or evicting him.

(*Id*. at 31, ¶ 3; and 33, ¶ 12.) With his Complaint, the Plaintiff has filed a "Motion for a Temporary Restraining Order and Preliminary Injunction," seeking to immediately restrain "Defendant U.S. Bank Trust, N.A., personally and as alleged Trustee for the LSF9 Master Participation Trust and any other person or entity under its control and/or on its behalf, from causing or attempting to cause the forcible entry, detainer or eviction of the Plaintiff from the subject property." (Doc. No. 3.)

For the reasons stated below, the plaintiff's motion is denied and this action is dismissed.

**Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts still must examine their own jurisdiction in all cases before them. *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 359 (6th Cir. 2006). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *Sua sponte* dismissal of any *pro se* complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) is warranted "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that the plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn.*

First, under the *Rooker-Feldman* doctrine "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 F. App'x 607, 608-09, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008). *Rooker-Feldman* stops federal-court "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

At their core, of the plaintiff's claims rest on the premise that the foreclosure judgment entered by the Ohio Court of Common Pleas, is wrong. Accordingly, the Court lacks subject-matter jurisdiction over the plaintiff's claims under the *Rooker-Feldman* doctrine. *See Kafele v. Lerner, Sampson & Rothfuss*, L.P.A., 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims resting on premise that a state foreclosure judgment was invalid).

Second, the plaintiff's claims are also stopped by *res judicata* to the extent they were or could have been raised in the state foreclosure action. *Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes v. Educational Credit Mgmt. Corp.*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.*

The state court entered a judgment of foreclosure against the plaintiff in connection with his mortgage and property; (2) this lawsuit involves the same parties or their privies as the state action; (3) the plaintiff has not asserted facts reasonably suggesting his claims were not or could not have been asserted in the state action; and (4) his claims arise out of the same "transaction or occurrence."

Case No. 1:19cv2059
Gwin, J.

Because the validity of the plaintiff's mortgage loan and the propriety of foreclosure were issues necessarily decided against the plaintiff by the Ohio Court of Common Pleas when it entered its judgment of foreclosure, the plaintiff's claims pertaining to these same issues are barred. *See, e.g., Givens*, 278 F. App'x at 609 (Fair Debt Collection Practices Act action brought after state court order granted mortgagee possession of residence due to mortgagor's default was barred by *res judicata*, since it was based on issue already litigated in the Michigan state courts of whether mortgagee was entitled to possession of the property); *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Finally, the Court will not interfere with any pending state eviction proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

To the extent eviction or other state proceedings are pending against the plaintiff in connection with his ownership or occupancy of property, all three factors supporting abstention exist. The matters presented in the plaintiff's Complaint implicate important state interests, *see Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003); and there is no indication the plaintiff could not raise valid federal concerns in the context of an ongoing state proceeding.

Case No. 1:19cv2059
Gwin, J.

**Conclusion**

For the foregoing reasons, the plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn*, 183 F.3d at 479. His motion for injunctive relief is denied. Whether to issue a preliminary injunction is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Given the Court's determination that subject-matter is lacking in the case, the Court declines to give injunctive relief.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: September 11, 2019    *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE